IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**JACKALLISA WESLEY,** *Individually, and*
*on behalf of herself and others similarly situated*

   Plaintiff,

  v.              Case No. _____

**ELITE ONE PROTECTION SERVICES, LLC**
and **JUAN C. SETTLES,** Individually

                  **FLSA 216(b) Action**
                  **RULE 23 Class Action**
                  **JURY DEMANDED**

   Defendants.

**ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT**

Named Plaintiff Jackalissa Wesley ("Plaintiff"), individually, and on behalf of herself and other similarly situated current and former security guards, brings this Fair Labor Standards Act ("FLSA") multi-plaintiff action and Rule 23 class action against Elite One Protection Services, LLC and Juan C. Settles, individually ("Defendants) and states as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v.*

       *Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and overtime compensation rates of pay owed to Plaintiff and other similarly situated security guards who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendants during all times material.

3. This lawsuit also is brought as a Fed. R. P. 23 class action, alleging breach of contract, unjust enrichment and quantum meruit claims under Tennessee common law.

## II.    JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and are brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

5. This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to those of this action within the court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff performed work for Defendants in this district during all times material herein. In addition, Defendants' headquarters are located in this district and they have conducted business in this district during all times material.

### III. PARTIES

7. Plaintiff Jackalissa Wesley is an adult citizen of the United States and was employed as a security guard by Defendants during all times relevant to this action. Plaintiff Wesley's "Consent to Join" is attached as *Exhibit A*.

8. Defendant, Elite One Protection Services, LLC, is a Tennessee limited liability company with its principal address listed as 9282 Clearstone Cove, Collierville, Tennessee 38017-9414. Defendants' registered agent for service of process is Juan C. Settles, 9282 Clearstone Cove, Collierville, Tennessee 38017-9414.

9. Defendant Settles is the owner and President of Elite One Protection Services, LLC. He may be served with process at 9282 Clearstone Cove, Collierville, Tennessee 38017-9414.

10. Defendant Juan C. Settles has been responsible for the implementation and administration of the company's pay policies and practices during all times material to this action.

11. As such, he is jointly liable to Plaintiff and those similarly situated for all FLSA and Rule 23 violations addressed herein.

### IV. COVERAGE

12. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

13. During all time material, Defendants have earned more than $500,000.00 per year in gross sales.

14. Defendants have employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce during all times material.

15. In addition, Plaintiff and those similarly situated have also engaged in interstate

16. commerce on behalf of Defendants during all times material.

16. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## V.   FACTUAL ALLEGATIONS

17. Defendants provide security services to customers in Tennessee, Mississippi, Alabama and Arkansas.

18. Plaintiff and those similarly situated were employed as security guards for Defendants during all times material.

19. Defendant Juan C. Settles has been the owner and President of Defendant, Elite One Protection Services, LLC, during all times material to this action.

20. Defendant Juan C. Settles has been responsible for the implementation and administration of Defendants' common timekeeping and pay policies at all times material herein.

21. Defendant Juan C. Settles is therefore equally liable to Plaintiffs and those similarly security guards for all violations as alleged herein.

22. Defendants had a common policy and practice of failing to pay Plaintiff and those similarly situated for all hours worked in excess of 40 per week within weekly pay periods at one and one-half their regular hourly rates of pay for all such overtime hours.

23. Defendants also had a common practice of requiring Plaintiff and those similarly situated to falsify their compensable hours of work to a lower number so Defendants could avoid paying them for all their compensable hours of work at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times materil herein.

24. In addition, Defendants promised Plaintiff and those similarly situated higher hourly rates of pay than their usual hourly rates of pay for work time spent at "Events." (For example, Plaintiff Wesley was promised $22.00 per hour for work time spent at "Events" instead of her usual hourly rate of pay of $17.00 for work time spent at non-events)

25. Yet, Defendants failed to pay Plaintiff and other Rule 23 class members the promised hourly rates of pay for work time spent at "Events."

26. They, therefore, breached their contractual obligations to Plaintiff and other Rule 23 class members regarding their hourly rates of pay for work time spent at "Events."

27. Defendants knew, and were aware at all relevant times, they were not compensating Plaintiff and those similarly situated for all their work hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material to this action.

28. Defendants willfully and, with reckless disregard to established FLSA overtime provisions, failed to pay Plaintiff and those similarly situated the applicable minimum wage and overtime compensation rates of pay owed them within weekly pay periods during all times relevant herein.

29. Defendants do not have a good faith basis for their violations of the FLSA.

30. Defendants failed to keep timely and accurate pay records of Plaintiff and those similarly situated as is required by the FLSA.

31. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

32. As a result of Defendants' willful failure to pay Plaintiff and those similarly situated in compliance with the minimum wage and overtime compensation requirements of the

        FLSA, they have suffered lost compensable wages as well as having suffered other damages.

33. Defendants' scheme of failing to compensate Plaintiff and similarly situated employees for all their compensable minimum wage and overtime compensation was to save payroll costs and payroll taxes, all for which they have received unpaid services, unjustly enriched themselves and enjoyed ill gained profits at the expense of Plaintiff and potential plaintiffs.

## VI.  RULE 23 CLASS ACTION ALLEGATIONS

34. Plaintiff brings this cause as a Fed. R. Civ. P. 23 class action on behalf of herself and other Rule 23 class members to recover promised wages for work time spent at "Events" during all time material, as previously described.

35. Specifically, Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of herself and the following Rule 23 class members:

> All security guards who were employed by Defendants in the State of Tennessee during the past six years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed them by Defendants. (The "Rule 23 class").

36. As previously described, Defendants promised Plaintiff and those similarly situated higher hourly rates of pay for all work time spent at "Events" during all time material herein.

37. However, Defendants failed to pay Plaintiff and other Rule 23 class members the higher hourly rates of pay for all their work time spent at "Events" during all times material to this action.

38. By such failure, Defendants breached their contractual obligations to Plaintiff and other

Rule 23 class members, as previously addressed.

39. Moreover, Defendants unjustly enriched themselves by their failure to pay Plaintiff and other Rule 23 class members the higher hourly rates of pay for all work time they spent at "Events."

40. Defendants also received value for the work time Plaintiff and other Rule 23 class members spent at "Events" without compensating them for such work services in contravention of Tennessee's common law of quantum meruit.

41. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

42. Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

   (a) Whether Defendants breached their contractual obligations to Plaintiff and other Rul3 23 class members by their failure to pay them the promised higher hourly rates of pay for all their work time spent at "Events."

   (b) Whether Defendants unjustly enriched themselves by paying Plaintiff and other Rule 23 class members at lower rates of pay than that promised them for all their work time spent at "Events."

   (c) Whether Defendants received valuable services for the work time spent by Plaintiff and other Rule 23 class members at "Events" without compensating them for the value of such work services.

   (d) The nature and extent of the Rule 23 class -wide injury and the appropriate measure

       of damages for Plaintiff and the Rule 23 class members for such injury.

43. Plaintiff's claims are typical of Rule 23 class claims, as alleged herein.

44. Plaintiff's claims and those of the members of the Rule 23 class arose from the same Defendants' actions or inactions herein and the claims are based on the same legal theories.

45. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

46. Plaintiff is an adequate class representative.

47. Plaintiff's unpaid wage claims are typical of those claims that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

48. Plaintiff and Rule 23 class members are/were subject to the same unlawful practices of Defendants in their failure to pay them all their promised wages.

49. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

50. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

51. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings.

52. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

53. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

54. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

55. Plaintiff has engaged the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue the unpaid wage claims of herself and other Rule 23 members. (The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state laws.)

56. The law firm has represented numerous other employees asserting unpaid wage claims.

57. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

58. While the exact number of Rule 23 class members are unknown at this time and can be

accessible via discovery, Plaintiff believes there are sufficient numbers of such individuals to satisfy the numerosity requirements of this Rule 23 class action.

59. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendants.

### VII.     MULTI-PLAINTIFF ACTION ALLEGATIONS

60. Plaintiff brings this action on behalf of herself and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

61. Plaintiff seeks to send notice to the following similarly situated current and former employees of Defendants:

    All security guards who were employed by Defendants in the United States at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

62. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

63. The claims of Plaintiff are typical of the claims of potential plaintiffs to this action.

64. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendants' unlawful common policy and practice of failing to pay them for all their compensable hours of work at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

65. Plaintiff and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation owed them as a result of Defendants' unlawful practices.

66. Plaintiff and potential plaintiffs to this action also are similarly situated in that their unpaid wage claims are unified through common theories of Defendants' FLSA violations.

67. Plaintiff will fairly and adequately protect the interests of potential plaintiffs to this action as her interests are aligned with the interest of such potential plaintiffs.

68. Plaintiff has no interests adverse to the interest of potential plaintiffs to this action.

69. Plaintiff has retained competent counsel who are experienced in multi-plaintiff action litigation.

70. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

71. Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

72. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

73. Plaintiff and potential plaintiffs are similarly situated because they have been similarly

11

deprived of the minimum wages and overtime compensation owed them as a result of Defendants' unlawful practices, as previously described.

74. Defendants' failure to pay Plaintiff and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

75. Defendants' common practice of willfully failing to pay Plaintiff and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendants' FLSA violations.

76. Defendants had actual knowledge of failing to pay Plaintiff and potential plaintiffs all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

77. Defendants' conduct, as described herein, was willful with reckless disregard to clearly established FLSA compensation requirements.

78. Defendants' violations were without a good faith basis.

79. Plaintiff and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendants: unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION – BREACH OF CONTRACT

80. Plaintiff incorporates by reference all the preceding paragraphs as if fully written herein.

81. Plaintiff Wesley asserts a breach of contract claim because Defendants entered in to valid and enforceable unilateral wage contract with her and other Rule 23 class members

pursuant to Tennessee common law by promising them a higher hourly rate of pay for their work time spent at "Events' – as previously described.

82. Defendants breached their unilateral contract with Plaintiff and other Rule 23 class members by failing to pay them the higher hourly rate of pay for the work time they spent at "Events."

83. Defendants were aware they failed to pay Plaintiff and other Rule 3 class members all the money owed him under the said unilateral contract.

## COUNT III
## RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM

84. Plaintiff incorporates by reference all the preceding paragraphs as if fully written herein.

85. Plaintiff asserts an unjust enrichment claim under Tennessee common law that Defendants failed to pay them a higher hourly rate of pay for the work time they spent at "events" – as previously described.

86. Defendants unjustly enriched themselves by the difference between the higher hourly rate of pay they promised Plaintiff and other Rule 23 class members for their work time spent at "events" and the lower hourly rate of pay for their work time spent at non-events.

87. Defendants were aware they failed to pay Plaintiff and other Rule 3 class members all the money owed him.

88. Defendants' failure to pay Plaintiff and other Rule 23 class members the higher hourly rate of pay for the work time they spent at "Events" made it inequitable without paying them at the higher hourly rates of pay for their work time spent at such "Events."

## COUNT IV.
## RULE 23 CLASS ACTION – QUANTUM MERUIT

89. Plaintiff incorporates by reference all the preceding paragraphs as if fully written herein.

90. Plaintiff asserts a quantum meruit claim under Tennessee common law that she and each member of the Rule 23 class provided valuable services to Defendants by performing work at "Events'

91. Defendants accepted the work of Plaintiff and Rule 23 class members and had reasonable notice that they expected to be paid at higher hourly rates of pay for their work spent at such "Events" than what they were to be paid for their work time spent at non-events.

92. However, Plaintiff and the Rule 23 class members were not paid for their work at such higher hourly rates of pay for the time they spent at "Events" – as previously described.

93. The reasonable value of the work time Plaintiff and Rule 23 members spent at "Events" are consistent with that promised because Defendants benefitted to such degree or more from such work provided.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of herself and all others similarly situated, requests this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated

      damages equal in amount to the unpaid compensation found due to Plaintiff and potential plaintiffs;

C. For an Order finding that Defendant's violations of the FLSA were willful.

D. An issue of sanctions against Defendants under the FLSA for requiring Plaintiffs and those similarly situated to falsify their hours of work, as alleged herein.

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to FLSA Plaintiff and potential plaintiffs.

F. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

G. An award of damages to Plaintiff and Rule 23 class members for Defendants' breach of contract.

H. An award of damages to Plaintiff and Rule 23 class members for Defendants' unjust enrichment.

I. An award of damages to Plaintiff and Rule 23 class members against Defendants related to their quantum meruit claims.

J. An award of prejudgment and post-judgment interest at the applicable legal rate to Rule 23 Plaintiffs and class members;

K. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

September 4, 2024                              Respectfully Submitted,

                                               *s/J. Russ Bryant*
                                               Gordon E. Jackson (TN BPR #8323)
                                               J. Russ Bryant (TN BPR #33830)
                                               J. Joseph Leatherwood IV (TN BPR #39490)
                                               Joshua Autry (TN BRP #041423)
                                               **JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
                                               Attorneys at Law
                                               262 German Oak Drive
                                               Memphis, Tennessee 38018
                                               Telephone: (901) 754-8001
                                               Facsimile: (901) 754-8524
                                               *gjackson@jsyc.com*
                                               *jbryant@jsyc.com*
                                               *jleatherwood @jsyc.com*
                                               *jautry@jsyc.com*

                                               ***A TTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***